### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SPARTAN COMPOSITES, LLC, d/b/a FODS, and SPARTAN MAT, LLC, | § § § § | |
| Plaintiffs, | § § § | |
| v. | § § | Case No. 4:24-CV-00609-ALM |
| SIGNATURE SYSTEMS GROUP, LLC, | § § § | |
| Defendant. | § § | |

## PLAINTIFFS' ORIGINAL ANSWER TO
## DEFENDANT'S FIRST AMENDED COUNTERCLAIMS

Spartan Composites, LLC d/b/a FODS and Spartan Mat, LLC ("Plaintiffs") file this Original

Answer to Signature Systems Group, LLC's ("Defendant") First Amended Counterclaims (Dkt. #20).

## THE PARTIES

1. Admitted.

2. Admitted.

3. Admitted.

## JURISDICTION AND VENUE

4. Admitted.

5. Admitted.

## BACKGROUND

6. Plaintiffs lack sufficient information to admit or deny the allegations in paragraph 6.

7. Plaintiffs lack sufficient information to admit or deny the allegations in paragraph 7.

8. Plaintiffs lack sufficient information to admit or deny the allegations in paragraph 8.

9.    Plaintiffs lack sufficient information to admit or deny the allegations in paragraph 9.

10.    Plaintiffs lack sufficient information to admit or deny the allegations in paragraph 10.

11.    Plaintiffs lack sufficient information to admit or deny the allegations in paragraph 11.

12.    Plaintiffs lack sufficient information to admit or deny the allegations in paragraph 12.

13.    Plaintiffs lack sufficient information to admit or deny the allegations in paragraph 13.

14.    Plaintiffs lack sufficient information to admit or deny the allegations in paragraph 14.

15.    Plaintiffs admit the allegations in the first sentence of paragraph 15. Plaintiffs admit that FODS sells composite mats primarily used in the construction industry, and Plaintiffs admit that FODS released its trackout mat in mid-2016.

16.    Plaintiffs admit that FODS, LLC was Signature's customer during the time period identified in the first sentence of paragraph 13. Plaintiffs deny the remaining allegations in this paragraph.

17.    Admitted.

18.    Plaintiffs admit that Defendant correctly cites the 2018 Confidentiality Agreement.

19.    Plaintiffs admit that Defendant correctly cites the 2021 Confidentiality Agreement.

20.    Denied, except Plaintiffs admit that Signature exchanged a list of its customers, and Sunbelt was identified.

21.    Plaintiffs lack sufficient information to admit or deny the allegations in paragraph 21.

22.    Plaintiffs admit that Spartan Mat was founded by Justin Thelin in 2012; otherwise, denied.

23.    Plaintiffs admit that Defendant sued Spartan Mat, LLC and Spartan Composites, LLC in July 2019; otherwise denied.

24.    Admitted.

25.    Admitted.

26. Admitted.

27. Plaintiffs deny the allegations in the first sentence of paragraph 27. Plaintiffs admit the allegations in the second and third sentences of paragraph 27.

28. Denied.

29. Plaintiffs lack sufficient information to admit or deny the allegations in paragraph 29.

30. Plaintiffs lack sufficient information to admit or deny the allegations in paragraph 30.

31. Plaintiffs lack sufficient information to admit or deny the allegations in paragraph 31.

32. Plaintiffs lack sufficient information to admit or deny the allegations in paragraph 32; to the extent applicable, denied.

33. Plaintiffs deny the allegations in the first sentence of paragraph 33. Plaintiffs lack sufficient information to admit or deny the allegations in the second sentence in paragraph 33.

34. Plaintiffs lack sufficient information to admit or deny the allegations in paragraph 34.

35. Plaintiffs lack sufficient information to admit or deny the allegations in paragraph 35.

36. Denied.

37. Plaintiffs lack sufficient information to admit or deny the allegations in paragraph 37.

38. Denied.

## COUNT I – BREACH OF CONTRACT

39. Plaintiffs repeat and reallege their responses to the allegations set forth above as though fully set forth here.

40. Admitted.

41. Denied.

42. Denied.

43. Plaintiffs admit the allegations in the first sentence of paragraph 43. Plaintiffs deny the remaining allegations in paragraph 43.

44.     Denied.

## COUNT II – TORTIOUS INTERFERENCE

45.     Plaintiffs repeat and reallege their responses to the allegations set forth above as though fully set forth here.

46.     This paragraph is a legal conclusion and requires no response.

47.     Denied.

48.     Denied.

49.     Denied.

## AFFIRMATIVE AND OTHER DEFENSES

Without waiver of the foregoing, Plaintiffs assert the following affirmative and other defenses without conceding that Plaintiffs bear the burden of proof for the matters set forth herein:

1.      Defendant's counterclaims and alleged damages are barred or reduced, in whole or in part, by Defendant's prior material breach of the Settlement Agreement.

2.      Defendant's counterclaims and alleged damages are barred or reduced, in whole or in part, pursuant to the doctrine of waiver.

3.      Defendant's counterclaims and alleged damages are barred or reduced, in whole or in part, by limitations.

4.      Defendant's counterclaims and alleged damages are barred or reduced, in whole or in part, by the doctrine of laches.

5.      Defendant's counterclaims and alleged damages are barred or reduced, in whole or in part, by the doctrine of mutual mistake.

6.      Defendant's counterclaims and alleged damages are barred or reduced, in whole or in part, by Defendant's failure to state a claim upon which relief can be granted.

7.    Defendant's counterclaims and alleged damages are barred or reduced, in whole or in part, pursuant to the doctrine of estoppel including promissory estoppel, equitable estoppel, and judicial estoppel.

8.    Defendant's counterclaims and alleged damages are barred or reduced, in whole or in part, pursuant to the doctrine of unclean hands.

9.    Defendant's alleged damages are barred or reduced, in whole or in part, by offset by the same.

10.    Defendant's alleged damages are barred or reduced, in whole or in part, by Defendant's failure to mitigate.

Plaintiffs reserve the right to amend or supplement this First Amended Answer and affirmative defenses, as well as to assert any and all additional or alternative defenses under any applicable law or regulation.

## ATTORNEYS' FEES

Plaintiffs seek and are entitled to recover their reasonable attorneys' fees and expenses in defending against Defendant's counterclaim under § 38.001 of Texas Civil Practice & Remedies Code.

## PRAYER FOR RELIEF

Plaintiffs deny that Defendant is entitled to any of the requested relief on its Counterclaims, and respectfully request the Court enter judgment against Defendant on its Counterclaims and in favor of Plaintiffs, award Plaintiffs their attorneys' fees under § 38.001 of Texas Civil Practice & Remedies Code, and grant Plaintiffs all other relief to which Plaintiffs may be entitled.

DATED:  June 17, 2025

Respectfully submitted,

*/s/ Jessica D. Cox*
Christopher J. Schwegmann
Texas Bar No. 24051315
cschwegmann@lynnllp.com
Jessica D. Cox
Texas Bar No. 24114769
jcox@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2025, a true and correct copy of the foregoing was served upon all counsel of record via the Court's ECF system.

*/s/ Jessica D. Cox*
Jessica D. Cox